FILED 09 FEB 02 12:00USDC-ORM

**Robert E. Franz, Jr.    OSB #73091**
E-Mail: robertfranz@qwestoffice.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
Facsimile: (541) 741-8234
  Attorney for Defendant
  City of Medford

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **V.T.**, an individual proceeding under a fictitious name,<br><br>Plaintiff,<br><br>v.<br><br>**City of Medford, Oregon**, a Municipal subdivision of the State of Oregon; **Officer Jones**, an unknown Individual referred to under a fictitious Name; and **Officer Smith**, an Unknown individual referred to under a fictitious name,<br><br>Defendants. | Civil Case No. 09-3007-<br><br>**Notice of Removal of Civil Action to Federal Court**<br>by Defendant City of Medford |

# 1532

Page 1 - Notice of Removal of Civil Action to Federal Court

COMES NOW Defendant City of Medford, by and through its attorneys, the Law Office of Robert E. Franz, Jr., and pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby file its notice of removal to Federal Court of the case of *V.T. v. City of Medford, Oregon, et al.*, Jackson County Circuit Court Case No. 090010L7, which is currently pending in the Circuit Court of the State of Oregon for the County of Jackson.

Defendant alleges as follows:

1.

Plaintiff names City of Medford as a defendant in a civil action Complaint filed on January 2, 2009, in the Circuit Court of the State of Oregon for the County of Jackson, Case No. 090010L7, entitled *V.T. v. City of Medford, Oregon, et al.* A true and correct copy of the Complaint served on the defendant is attached hereto and marked as Exhibit "A," and said document constitutes all of the process, pleadings, and orders received by defendant in the action up to this date and time.

2.

Service of Plaintiff's Complaint was effectuated on Defendant City of Medford by personal service on the City Attorney's Office on January 13, 2009, less than 30 days from the date of the filing of this notice of removal.

3.

Plaintiff's Complaint is the initial pleading of the plaintiff in which he seeks civil damages against defendants for an alleged violation of the Constitution of the United States. In said Complaint, Plaintiff's Third Claim for Relief, the plaintiff is attempting to recover damages from Defendant City of Medford pursuant to 42 U.S.C. § 1983, for an alleged violation of the Constitution of the United States.

4.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution of the United States; therefore, this

Page 2  - Notice of Removal of Civil Action to Federal Court

court has original jurisdiction over Plaintiff's Third Claim for Relief of Plaintiff's Complaint.

5.

Since this Court has original jurisdiction over Plaintiff's Third Claim for Relief of Plaintiff's Complaint, the removal of Plaintiff's Complaint to this Court by Defendant City of Medford is authorized by 28 U.S.C. § 1441 (a) and (b).

WHEREFORE, Defendant City of Medford prays that this Court make the determination that the Plaintiff's Complaint now pending in the Circuit Court of the State of Oregon for the County of Jackson, Case No. 090010-L7 be removed to this court for all further proceedings; and that notice of such determination by this Court be provided to the Clerk of the Circuit Court of the State of Oregon for Jackson County with instructions that said State Circuit Court shall proceed no further.

DATED: Friday, January 30, 2009.

Respectfully submitted,

By: _____
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #73091
(541) 741-8220
**Of Attorneys for Defendant**
**City of Medford**



TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | |
|---|---|
| V.T., an individual proceeding under a fictitious name,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MEDFORD, OREGON, a municipal subdivision of the State of Oregon; OFFICER JONES, an unknown individual referred to under a fictitious name; and OFFICER SMITH, an unknown individual referred to under a fictitious name,<br><br>Defendants. | Case No. 0900l0L7<br><br>COMPLAINT<br><br>(Sexual Abuse of a Child/*Respondeat Superior* Liability; Civil Rights Violation, 42 U.S.C § 1983; Declaratory Judgment Action under ORS 28.010)<br><br>JURY TRIAL DEMANDED<br><br>Not Subject to Mandatory Arbitration |

Plaintiff alleges:

Common Allegations:

1.

Plaintiff V.T. is an adult male Hawaii resident who was born in 1965. At all times relevant to the acts of the Defendants alleged in this complaint, Plaintiff was a minor living in Medford, Oregon.

2.

At all times relevant to this complaint, Defendant City of Medford, Oregon (hereinafter "Defendant City") was a political subdivision of the State of Oregon that operated a municipal security force known as the City of Medford Police Department (hereinafter "Department"). At all times relevant this complaint, Defendant City exercised final policymaking authority over the Department and exercised control over the conduct of its individual officers, as well as the

Page 1    COMPLAINT

Exhibit A
Notice of Removal
Page 1

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

1  detention facility known as the Medford City Jail (hereinafter "the Jail"). At all times relevant
2  this complaint, Officer Jones and Officer Smith (hereinafter "the Officers") were employed by
3  the Department as police officers in Medford, Oregon.

3.

At all times relevant this complaint, Defendant City authorized and empowered the Officers to investigate violations of and enforce municipal, state, and federal criminal ordinances. As part of that authority and power, the Officers were allowed to detain, arrest, and incarcerate individual citizens they reasonably suspected of breaking those laws, as well as control individuals detained at the Jail. In the course of an arrest and incarceration, the Officers exercised complete control and dominion over the individual arrestee or prisoner, including assigning the prisoner to a physical location, physically dominating and controlling the prisoner's body, controlling the prisoner's state of dress, and setting other physical conditions for the prisoner. Defendant City controlled the Officers through a policy, custom, or practice—both written and unwritten—established by Defendant City through one or more individual policymakers or their delegates. At all times relevant this complaint, the Officers were acting under the parameters of this written and unwritten policy, custom or practice.

4.

In or around 1980 or 1981, Plaintiff was a ward of the court and a minor living in Medford, Oregon. At some point during that period, Plaintiff attended a party and consumed alcohol. When the party was broken up by Medford police, Plaintiff was taken to the Jail. While at the Jail, the Officers placed Plaintiff in a cell by himself, and stripped him naked. During the course of the night, the Officers sodomized Plaintiff and sexually assaulted him repeatedly. In the morning, the Officers paraded Plaintiff around the Jail wearing only a blanket.

5.

As a result of the Officers' sexual abuse, molestation, breach of authority and trust, and betrayal of their positions as police officers, Plaintiff V.T. has suffered severe and debilitating

Exhibit A
Notice of Removal
Page 2

Page 2   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

1  emotional injury, suffering, emotional trauma, and permanent psychological damage all to his
2  non-economic damages in the amount of $2,000,000.

3                                         6.

4      As an additional result and consequence of the Officers' sexual abuse, molestation,
5  breach of authority and trust, and betrayal of their positions as police officers and authority
6  figures to V.T., Plaintiff has incurred and/or will incur in the future, costs for counseling,
7  psychiatric and psychological medical treatment, as well as loss of earning potential, all to his
8  economic damages in the approximate amount of $250,000.00, the exact amount of which will
9  be proven at the time of trial.

10

11                          **FIRST CLAIM FOR RELIEF**
                    Against Defendants Officer Jones and Officer Smith
12                              *Sexual Battery of a Child*

13                                        7.

14     Plaintiff realleges and incorporates by reference paragraphs 1 through 7, above.

15                                        8.

16     While employed as police officers by Defendant City, the Officers sexually abused V.T.,
17  an unemancipated minor, in or around 1980 or 1981. The Officers sexually molested V.T.
18  repeatedly over the course of one night. This sexual abuse constituted a harmful touching of
19  V.T. Plaintiff did not consent to such abuse and was incapable of consent.

20                                        9.

21     The Officers, adults, engaged in intentional conduct resulting in physical injury, mental
22  injury, rape, sexual abuse, and sexual exploitation of Plaintiff as those terms are used in ORS
23  12.117. Specifically, the Officers—while acting within the course and scope of their
24  employment and agency, using the authority and position of trust as police officers for Defendant
25  City, and while on duty as custodial officers at the Jail—engaged in fondling V.T. on multiple
26  ///

Exhibit A
Notice of Removal
Page 3

Page 3     COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

1  occasions, anally penetrated V.T., and induced and directed V.T. to engage in various other
2  sexual acts with them.

3                                          10.

4      As a result of the sexual battery by the Officers, Plaintiff suffered the damages alleged in
5  paragraphs 5 and 6, above.

6                                          11.

7      In or about early 2007, Plaintiff discovered the causal connection between the abuse by
8  the Officers and the injuries set forth above. Prior to January 2007, Plaintiff reasonably did not
9  discover—and could not reasonably have discovered—the causal connection between the abuse
10 and the resultant lasting emotional injuries and damages he suffered as a result of the abuse.

11

12                          **SECOND CLAIM FOR RELIEF**
                             Against Defendant City of Medford
13              *Respondeat superior* Liability for Sexual Battery of a Child

14                                         12.

15     Plaintiff realleges and incorporates by reference paragraphs 1 through 11, above.

16                                         13.

17     The Officers' incarceration of Plaintiff was undertaken within the course and scope of
18 their employment or agency and performing duties for and on behalf of Defendant City.
19 Specifically, in arresting Plaintiff, confining him, and exercising bodily dominion and control
20 over him in the Jail, the Officers' actions were (1) committed in direct connection with and for
21 the purposes of fulfilling the Officers' employment and agency with Defendant City ; (2)
22 committed within the time and space limits of their employment or agency with Defendant City ;
23 (3) done directly in the performance of their duties as police officers; (4) undertaken, at least
24 initially, from a desire to serve the interests of Defendant City ; (5) generally consisted of actions
25 the kind and nature of which the Officers were required to perform as police officers; and (5)
26 done at the direction of, and pursuant to, the power vested in them by Defendant City . The

1  abuse was a culmination of a series of events that began with the Officers' performance of their
2  assigned and authorized duties as agents and employees of Defendant City. Defendant City was
3  aware of the Officers' conduct toward the Plaintiff through its other agents, and approved of or
4  ratified the Officers' actions by failing to repudiate their method of incarceration, involving
5  sexual abuse of a prisoner, after knowing that it occurred.

                                        14.

7  One of the most profound psychological impacts of sexual abuse suffered by a minor is
8  the formation of a psychological block that does not allow the child to recognize that the abuse
9  caused harm, and prevents the child from coming forward to anyone to report the abuse. Within
10 a very short time after the abuse, the block is so persistent and powerful that the victim is usually
11 unable to recognize that the abuse caused compensable injury, or the victim is left in a state of
12 denial that acts to prevent the recognition of injury. This psychological block is typically
13 overcome, if at all, in later adulthood. Plaintiff experienced just such a psychological block, and
14 was therefore mentally, emotionally, and psychologically unable to assert a claim for damages
15 until his own mental processes allowed him to discuss his abuse with third parties and connect
16 the abuse to damage. This realization occurred not prior to early 2007.

                                        15.

18 As a result of the sexual battery by the Officers acting as agents and employees of
19 Defendant City, Plaintiff suffered the damages alleged in paragraphs 5 and 6, above.

### THIRD CLAIM FOR RELIEF
Against All Defendants
*Violation of Federal Civil Rights*

                                        16.

24 Plaintiff realleges and incorporates by reference paragraphs 1 through 15, above.
25 ///
26 ///

Exhibit A
Notice of Removal
Page 5

Page 5    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

17.

Plaintiff has a right under the Constitution of the United States to be free from sexual molestation by employees of government entities acting under color of state law.

18.

At all times relevant to this Complaint, Defendant City, its agents, and its employees were acting under color of law—under the constitutions, statutes, administrative rules, customs, policies, and usages of the State of Oregon and the United States. While acting as such, Defendant City incarcerated Plaintiff and subjected him to the complete physical dominion and control of its police officer agents.

19.

While Plaintiff was under his supervision and care, the Officers acted with deliberate indifference to the known and recognized constitutional and legal rights of Plaintiff to bodily integrity and to be free of sexual abuse, and the Officers actively participated in the deprivation of Plaintiff's constitutional rights by sexually molesting Plaintiff.

20.

The conduct of Defendant Officers, within their duties as police officers and under color of state law, deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution. Particularly, Plaintiff was deprived of his constitutional liberty interest in bodily integrity and to be free from sexual abuse and the threat of such abuse perpetrated by police officers while incarcerated.

21.

Plaintiff alleges without certifying, pursuant to ORCP 17C(4), that discovery or investigation will show that Defendant City had a policy, custom, or practice of allowing its officers to engage in the sexual abuse of inmates at the Medford Jail. Alternatively, Plaintiff alleges without certifying, pursuant to ORCP 17C(4), that discovery or investigation will show that Defendant City had a policy, custom or practice of ignoring reports that officers engaged in

Page 6   COMPLAINT   Exhibit A   Notice of Removal   Page 6

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

1  the sexual abuse of inmates at the Medford Jail. Such a policy, custom, or practice amounts to
2  deliberate indifference to a known risk of constitutional deprivation by its officers on the part of
3  Jail inmates.

4                                              22.

5  As a result of Defendants' deliberate indifference to the risk of deprivation of Plaintiff's
6  constitutional liberty interest in bodily integrity and being free from sexual abuse, Plaintiff has
7  incurred damages as set forth in paragraphs 5 and 6, above.

8                                              23.

9  If successful against Defendants on this Claim for Relief, Plaintiff is entitled to
10 reasonable attorney fees pursuant to 42 U.S.C. § 1988.

11

**FOURTH CLAIM FOR RELIEF**
Against Defendant City of Medford
Declaratory and Injunctive Relief — ORS 28.010

14                                              24.

15 Plaintiff reallege and incorporate by reference paragraphs 1 through 23, above.

16                                              25.

17 Plaintiff is a Hawaii resident who is bringing suit against Defendants for liability
18 stemming out of childhood sexual abuse, which occurred in Oregon, suffered by Plaintiff.
19 Plaintiff is seeking compensatory economic and non-economic damages from the Defendant.

20                                              26.

21 Defendant City, authorized and chartered by the laws of the State of Oregon, is a political
22 subdivision of the State of Oregon and a "public body" pursuant to the Oregon Tort Claims Act
23 (OTCA), ORS 30.260–30.300.

24                                              27.

25 ORS 30.275 provides that "an action arising from any act or omission fo a public body or
26 an officer, employee or agent of a public body within the scope of ORS 30.260–30.300 shall be

Page 7    COMPLAINT    Exhibit A
Notice of Removal
Page 7

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

1  commenced within two years after the alleged loss or injury." This provision would attach to tort
2  claims against Defendant City. The common law discovery rule extends this time limit to such
3  time as Plaintiff discovers all elements of legal injury, but no other tolling provisions apply to the
4  OTCA.

28.

6  Plaintiff requests relief as set out below in the following Counts. In addition to the relief
7  requested in the following Counts, if successful, Plaintiff also prays for reasonable attorney fees
8  under the doctrine articulated in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975); *Armatta v.*
9  *Kitzhaber*, 327 Or 250, 959 P2d 49 (1998); and *Swett v. Bradbury*, 335 Or 378, 67 P3d 391
10 (2003).

**COUNT 1**
VIOLATION OF 14TH AMENDMENT TO UNITED STATES CONSTITUTION
SUBSTANTIVE DUE PROCESS — AS APPLIED

29.

Plaintiff realleges and incorporates by reference paragraphs 1 through 28, above.

30.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution
requires that statutes of limitation provide a reasonable time for an injured individual to bring
suit.

31.

To the extent the OTCA statute of limitations runs from the point of abuse in a case such
as this, Plaintiff—due to the psychological impacts of the abuse he suffered as described in
paragraph 14—was mentally incapable of comprehending that he had a claim within the
statutorily required time frame. As such, the OTCA statute of limitations, as applied to Plaintiff
and those similarly situated, results in a deprivation of Plaintiff's property interest in a common

26 ///

Exhibit A
Notice of Removal
Page 8

Page 8   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

1  law cause of action without due process of law because it requires filing suit before Plaintiff
2  could know or process that he had a claim.

3                                         32.

4  Under Oregon common law, portions of a statute which are unconstitutional are severable
5  from the remainder of the statute, and the statute should be construed so as to avoid any
6  constitutional infirmity.

7                                         33.

8  Plaintiffs pray the Court for a declaration the OTCA statute of limitations, as applied to
9  them, to the extent that it requires Plaintiff and those similarly situated to bring a claim before
10 they are psychologically able to recognize that they have been injured would be unreasonable and
11 violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution,
12 and as such the OTCA statute of limitations should be construed to include an "injury–abuse
13 causation" discovery rule when applied to Plaintiff or those similarly situated so as to avoid this
14 Constitutional infirmity.

**COUNT 2**
VIOLATION OF 14TH AMENDMENT TO UNITED STATES CONSTITUTION
EQUAL PROTECTION

18                                         34.

19 Plaintiff reallege and incorporate by reference paragraphs 1 through 33, above.

20                                         35.

21 The Equal Protection Clause of the Fourteenth Amendment to the United States
22 Constitution requires that the government not arbitrarily discriminate in providing equal
23 protection under the laws.

24                                         36.

25 Plaintiff is part of a class made up of those who share an immutable characteristic—the
26 innate psychological construct that, upon being exposed to childhood sexual abuse, responds

1  (subconsciously) by creating a block that prevents them from realizing that the subsequent
2  psychological and emotional harm is actually caused by (and results from) the abuse they
3  suffered.

4                                              37.

5  Plaintiff, and those similarly situated, share a history of discrimination based on this
6  immutable characteristic. Such discrimination can be seen in legislation, popular culture, and
7  other societal indicators that suggest that these child abuse victims are capable of recalling and
8  assigning injury to these traumatic events, whether able to recall them or not.

9                                              38.

10  Plaintiff, and those similarly situated, are politically impotent due to the isolating and
11  shaming effects the abuse they suffered, and the stigma attached to sexual abuse victims.

12                                             39.

13  Plaintiff and those similarly situated compose a discrete and insular minority as they
14  share a special condition which tends to seriously curtail their utilization of those political
15  processes ordinarily to be relied upon to protect minorities.

16                                             40.

17  Moreover, as applied to Plaintiff and those similarly situated, the effect of the OTCA
18  statute of limitations is to deprive Plaintiff and those similarly situated of fundamental rights,
19  including the right of access to the courts, the right to petition for redress for grievances, the right
20  to a jury trial, as well as other fundamental rights.

21                                             41.

22  The OTCA statute of limitations is not narrowly tailored to meet a compelling state
23  interest, nor is it rationally related to a legitimate state interest in that it purports to exclude child
24  victims of sexual abuse from bringing suit at such time that their mental processes can recognize
25  the injury.
26  ///

Exhibit A
Notice of Removal
Page 10

Page 10        COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

42.

For the foregoing reasons, as applied to Plaintiff and those similarly situated, the OTCA statute of limitations violates the Equal Protection Clause of the Fourteenth Amendment.

43.

Under Oregon common law, portions of a statute which are unconstitutional are severable from the remainder of the statute, and the statute should be construed so as to avoid any constitutional infirmity.

44.

Plaintiffs pray the Court for a declaration the OTCA statute of limitations, as applied to them, is unconstitutional and should be construed to include an "injury–abuse causation" discovery rule to avoid interfering with Plaintiff's fundamental rights in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

45.

Plaintiff seeks a declaration from this Court that the Oregon Tort Claims Act, to the extent that it requires those similarly situated to Plaintiff to bring a claim before they are psychologically able to recognize that they have been injured, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT 3
### VIOLATION OF ARTICLE X, SECTION 20 OF THE OREGON STATE CONSTITUTION PRIVILEGES AND IMMUNITIES

46.

Plaintiff reallege and incorporate by reference paragraphs 1 through 45, above.

47.

Article I, Section 20 of the Oregon State Constitution provides that "No law shall be passed granting to any citizen or class of citizens privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

Exhibit A
Notice of Removal
Page 11

Page 11   COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

48.

Here, Plaintiff is a member of a true class of individuals who share an antecedent personal characteristic—namely, that, due to their innate and immutable psychological composition, respond to childhood sexual abuse by subconsciously forming a psychological block that prevents them from realizing that the subsequent psychological and emotional harm is actually caused by (and results from) the abuse they suffered—leaving them incapable of bringing a claim within the statutorily required time frame.

49.

The OTCA statute of limitations, as applied to Plaintiff and members of his true class, provides a privilege to seek compensation for childhood sexual abuse by a state agent to some individuals (those with a different antecedent, innate psychological composition such that they do not subconsciously form such a psychological block) while denying Plaintiff and members of his true class the same privilege.

50.

The OTCA statute of limitations, as applied to Plaintiff and members of his true class, provides a immunity to some individuals (state agents who abuse members of Plaintiff's true class) while denying the same immunity to other individuals (state agents who abuse those who are not members of Plaintiff's true class).

51.

The OTCA statute of limitations is not narrowly tailored to meet a compelling state interest, nor is it rationally related to a legitimate state interest in that it purports to exclude child victims of sexual abuse from bringing suit at such time that their mental processes can recognize the injury, and it allows state actors who abuse children and those who employ them to escape liability when they abuse a child who suffers from this psychological make-up.

52.

For the foregoing reasons, as applied to Plaintiff and those similarly situated, the OTCA

Exhibit A
Notice of Removal
Page 12

Page 12    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

1  statute of limitations violates the Privileges and Immunities Clause of Article I, Section 20 of the
2  Oregon Constitution

3                                         53.

4       Under Oregon common law, portions of a statute which are unconstitutional are severable
5  from the remainder of the statute, and the statute should be construed so as to avoid any
6  constitutional infirmity.

7                                         54.

8       Plaintiffs pray the Court for a declaration the OTCA statute of limitations, as applied to
9  them, is unconstitutional and should be construed to include an "injury–abuse causation"
10 discovery rule to avoid granting privileges or immunities to class of citizens, which, upon the
11 same terms, do not equally belong to all citizens in violation of Article X, Section 20 of the
12 Oregon State Constitution.

13

14      **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

15      1. If successful on Plaintiff's First, Second, or Third Claims for Relief, non-economic
16 damages for Plaintiff in the amount of $2,000,000.00, the exact amount to be determined by the
17 jury at the time of trial;

18      2. If successful on Plaintiff's First, Second, or Third Claims for Relief, economic
19 damages in the amount of $250,000, the exact amount to be determined by the jury at the time of
20 trial;

21      3.   If successful on any aspect of Plaintiff's Third Claim for Relief, attorney fees
22 pursuant to 42 USC § 1988;

23      4.   On any or all Counts of Plaintiffs' Fourth Claim for Relief, a declaration from this
24 Court that the statute of limitations contained in the Oregon Tort Claims Act violates the Due
25 Process Clause of the Fourteenth Amendment to the United States Constitution, the Equal

26 ///

Exhibit A
Notice of Removal
Page 13

Page 13     COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224   FAX: (503) 306-0257

1 Protection Clause of the Fourteenth Amendment, and/or Article I, Section 20 of the Oregon
2 Constitution, and a declaration that Plaintiff's claims are therefore timely brought;
3     5. If successful on any Count of Plaintiffs' Fourth Claim for Relief, attorney fees
4 under the *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), line of cases;
5     6. For Plaintiffs' costs and disbursements incurred; and
6     7. For any other relief this Court deems just and equitable.

DATED this 31st day of December, 2008.

O'DONNELL CLARK & CREW LLP

_____
Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
Of Attorneys for Plaintiff

Exhibit A
Notice of Removal
Page 14

Page 14    COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, SUITE 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224  FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT CITY OF MEDFORD on Plaintiff by depositing a certified true copy thereof in the United States mail in Springfield, Oregon, on Friday, January 30, 2009, enclosed in a sealed envelope, with postage paid and addressed to:

Kristian Roggendorf
O'DONNELL CLARK & CREW LLP
1650 N.W. Naito Parkway
Portland, OR 97209
  Attorney for Plaintiff

Dated: Friday, January 30, 2009.

_____
LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.        OSB #73091
P.O. Box 62
Springfield, Oregon 97477
E-Mail: robertfranz@qwestoffice.net
Telephone: (541) 741-8220
Attorney for Defendant
City of Medford

I hereby certify that this
document is a true and
correct copy of the original.

_____
Robert E. Franz, Jr.